# Third District Court of Appeal

## State of Florida

Opinion filed February 16, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-222
Lower Tribunal Nos. 20-207 AP, 13-23477 SP
_____

**American Mobile Health Services, Inc., a/a/o Tania Jimenez,**
Appellant,

vs.

**State Farm Mutual Automobile Insurance Company,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Christina Marie Diraimondo, Judge.

David B. Pakula, P.A. and David B. Pakula (Pembroke Pines); Corredor & Husseini, P.A., for appellant.

Birnbaum, Lippman & Gregoire, PLLC, and Nancy W. Gregoire (Fort Lauderdale); Kirwan Spellacy Danner Watkins & Brownstein, P.A., and Christopher L. Kirwan and R. Ryan Smith (Fort Lauderdale), for appellee.

Before LOGUE, SCALES, and GORDO, JJ.

LOGUE, J.

American Mobile Health Services, Inc., as assignee of Tania Jimenez, appeals a judgment entered after a jury verdict against American Mobile and in favor of State Farm Mutual Automobile Insurance Company. The jury found that American Mobile's claim for x-ray and MRI services did not reflect a "reasonable amount" under section 627.736(5)(a), Florida Statutes.[1] State Farm's expert below had argued that the amount of the charge was unreasonable solely because it exceeded 200 percent of the allowable amount under the Medicare Part B fee schedule. American Mobile contended below and now contends on appeal that State Farm was precluded from making this argument because State Farm had not adopted the Medicare Part B fee schedule as a schedule of maximum charges under section 627.736(5)(a)1. For the reasons explained below, we affirm.[2]

---

[1] For ease of reference, we cite to the current codification. At the time relevant to this lawsuit, however, the statutory language at issue currently codified at 627.736(5)(a), Florida Statutes (2021) was codified at 627.736(5)(a)1., Florida Statutes (2008) and the language currently codified at 627.736(5)(a)1., Florida Statutes (2021) was codified at 627.736(5)(a)2., Florida Statutes (2008).

[2] The remaining issues raised on appeal are either conclusively resolved by our interpretation of Florida's No-Fault Motor Vehicle Statute or do not warrant further discussion.

## Factual and Procedural Background

American Mobile's assignor, Tania Jimenez, was injured in a motor vehicle accident in October 2008. In October 2013, American Mobile filed a two-count complaint against State Farm, Jimenez's insurer, seeking a declaration of rights and alleging breach of contract for State Farm's alleged underpayment of Jimenez's medical charges for x-ray and MRI services. State Farm filed an answer and affirmative defenses, including, as pertinent to this appeal, the defense that American Mobile's charges for its services to Jimenez were unreasonable.

In February 2017, American Mobile moved for summary judgment on the issue of reasonableness. Attached to its motion, American Mobile included an assignment of benefits executed by Jimenez, bills representing the charges it submitted to State Farm totaling $3,220.00, and State Farm's explanation of review for reimbursements totaling $809.97.

In response to the motion for summary judgment, State Farm filed an expert affidavit from Dr. Edward Dauer. Dr. Dauer opined that American Mobile's charges were unreasonable. Specifically, Dr. Dauer stated, "I do not expect to receive reimbursement for my charges in amounts that exceed 200% of what Medicare allows as I believe amounts higher than 200% of Medicare are unreasonable." Dr. Dauer explained:

3

> The basis for my opinion that any charge or payment in excess of approximately 200% of Medicare is unreasonable is because in the medical community, Medicare is considered to be an objective benchmark or 'standard' for determining a reasonable charge. 100% of the Medicare fee schedule has been adopted as the base level of reimbursement by most insurance companies. The Medicare fee schedule is used by most insurance companies to determine their market value of radiology services.

Dr. Dauer further opined that the payments by State Farm "were fair and reasonable and should represent the maximum reimbursements in this case."

American Mobile argued that an insurance company may not rely on the Medicare Part B Fee Schedule to determine the reasonableness of a provider's charges unless it specifically elects to do so in its insurance policy. Therefore, American Mobile argued, State Farm failed to present an issue of fact as to the reasonableness of American Mobile's charges. The trial court denied the motion for summary judgment and the case proceeded to trial.

After Dr. Dauer testified in accordance with his affidavit, the jury returned a defense verdict for State Farm. American Mobile moved for a directed verdict, again asserting that Dr. Dauer's testimony that any charge over 200% of the Medicare reimbursement rate was unreasonable was

4

insufficient under Florida law to create an issue of fact. The trial court denied the motion for directed verdict and entered judgment in favor of State Farm.

## Discussion

As background, we note at the outset that the statute at issue requires insurers that provide personal injury protection to pay medical providers 80 percent of reasonable expenses for medical treatment provided to insureds. § 627.736(1)(a), Fla. Stat. Turning to the two provisions in controversy, the statute allows providers to charge only a "reasonable amount" and gives examples of evidence that may be considered to determine the "reasonable amount." § 627.736(5)(a), Fla. Stat. It also authorizes an insurance company to adopt a maximum charge that it would reimburse based on various schedules, including the participating physician's schedule of Medicare Part B. § 627.736(5)(a)1., Fla. Stat.

In this regard, the statute reads:

> (5) Charges for treatment of injured persons.—
>
> (a) Any physician, hospital, clinic, or other person or institution lawfully rendering treatment to an injured person for a bodily injury covered by personal injury protection insurance may charge the insurer and injured party only a <u>reasonable amount</u> pursuant to this section for the services and supplies rendered . . . . <u>With respect to a determination of whether a charge for a particular service, treatment, or otherwise is reasonable, consideration may be given to</u> evidence of usual and customary charges and

5

payments accepted by the provider involved in the dispute, and reimbursement levels in the community and <u>various federal and state medical fee schedules</u> applicable to automobile and other insurance coverages, and other information relevant to the reasonableness of the reimbursement for the service, treatment, or supply.

1. The <u>insurer may limit reimbursement to 80 percent of</u> the following schedule of maximum charges: ....

f. (I) For all other medical services, supplies, and care, <u>200 percent of the allowable amount under the participating physicians schedule of Medicare Part B.</u>

§ 627.736(5)., Fla. Stat.

Different Florida circuit court appellate panels have issued conflicting decisions on the question before us. Florida's First Judicial Circuit, for example, has held that an insurer is barred from doing what State Farm did here. <u>State Farm Mut. Auto. Ins. Co. v. Imaging Center of Pensacola, Inc. a/a/o Anthony Perkins</u>, 21 Fla. L. Weekly Supp. 979a (Fla. 1st Jud. Cir. App. 2014) ("To permit an insurer who opted not to pay the medical expenses of its insured pursuant to the Medicare fee schedules to use those same fee schedules as the sole basis for the determination of reasonable expenses [under subsection (5)(a)] would circumvent the legislative intent of the statute as defined by the Florida Supreme Court in ["<u>Geico General Insurance</u>

Company v. Virtual Imaging Services, Inc., 141 So. 3d 147, 154–55 (Fla. 2013)].").

In contrast, the Eleventh Judicial Circuit, in an opinion written by Judge Lisa Walsh, has held that an insurer is not barred from doing what State Farm did here. United Auto. Ins. Co. v. Mia. Dade Cnty. MRI, Corp. a/a/o Marta Figueredo, 27 Fla. L. Weekly Supp. 506b (Fla. 11th Jud. Cir. 2019) ("In short, if the insurer elects to use the fee schedule limitation, that schedule operates as a hard cap on the charges a provider may recover under the statute. But if the insurer does not elect the fee schedule limitation, the federal and state medical fees schedules will be one factor to consider in determining whether a provider's charges are reasonable, although those schedules are not dispositive.").

We agree with Judge Walsh and hold that the insurer could use the Medicare Part B fee schedule as evidence to argue that the provider's charges exceed a "reasonable amount" under section 627.736(5)(a) even though the insurer had not adopted the schedule of maximum charges method under section 627.736(5)(a)1.

Initially, we note that the Florida Supreme Court held that these two provisions are not mutually exclusive. MRI Assocs. of Tampa, Inc. v. State Farm Mut. Auto. Ins. Co., 46 Fla. L. Weekly S379, S381 (Fla. Dec. 9, 2021).

7

Instead, under the statutory scheme, the "limitation based on a schedule of maximum charges establishes a ceiling but not a floor." Id. (holding that an insurer who had elected to use the "schedule of maximum charges" could still challenge a charge less than the maximum on the schedule as exceeding a "reasonable amount").

Here, because the provisions are not mutually exclusive, State Farm was permitted to argue that American Mobile's charges exceeded a reasonable amount by using the Medicare Part B fee schedules as evidence of what constituted a reasonable amount in the relevant market at the time. The statute expressly provides that, among the types of evidence that can be presented to establish a reasonable amount, are the "various federal and state medical fee schedules applicable to automobile and other insurance coverages." Dr. Dauer testified that the Medicare Part B fee schedule "has been adopted as the base level of reimbursement by most insurance companies." This testimony was sufficient for State Farm to argue that the Medicare Part B schedule was "applicable to automobile and other insurance coverages."

The statute does not require that State Farm base its argument that American Mobile's charge was unreasonable on any factor besides the Medicare Part B schedule. It is well established that the term "may," as used

8

in subsection (5)(a)'s list of possible considerations to determine the reasonableness of a charge, is permissive, and not mandatory. See Virtual Imaging, 141 So. 3d at 157 (concluding that the Legislature's use of the term may in section (5)(a)1. meant the provision was "clearly permissive") Therefore, while the jury could have considered evidence of other statutory factors, had any been submitted, in determining whether the charge was reasonable, Dr. Dauer's testimony regarding the Medicare Part B fee schedule was sufficient to create an issue of fact as to the reasonableness of American Mobile's charges.

Affirmed.